#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALVIN PARKER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-767-D |
| | ) | |
| SCOTT TENSLEY, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER

Petitioner Alvin Parker, a state prisoner appearing *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the state's denial of his request for resentencing under the Oklahoma Survivors' Act, Okla. Stat. tit. 22, § 1090.1, *et seq.* ("the Act"). [Doc. No. 1][1]. Petitioner asserts that the state's denial of his request for resentencing under the Act and continued incarceration violates his Fourteenth Amendment right to due process. *Id.* The matter was referred to United States Magistrate Judge Amanda L. Maxfield for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4].

On September 5, 2025, Judge Maxfield issued a Report and Recommendation ("the R&R") recommending dismissal without prejudice. [Doc. No. 9]. Petitioner filed a timely objection [Doc. Nos. 10 & 11]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] Citations to the parties' filings reference the CM/ECF pagination at the top of each page.

1

objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## BACKGROUND

Petitioner is currently incarcerated at the Dick Conner Correctional Center in Hominy, Oklahoma. [Doc. No. 1, at p. 1]. Petitioner was convicted by a jury of one count of murder in the second-degree in Oklahoma County District Court. *Id.* at p. 1-2. On May 18, 1990, Petitioner was sentenced to 199 years of imprisonment on the second-degree murder conviction. *Id.* at p. 1. Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("the OCCA"), which affirmed the judgment and sentence on May 26, 1994. *Id.* at p. 2.

In 2024, the Oklahoma Legislature codified the Act, which permits qualifying prisoners to "request to apply for resentencing" with the district court that sentenced them. Okla. Stat. tit. 22, § 1090.5. On May 12, 2025, Petitioner filed an application for resentencing, which the Oklahoma district court denied on May 22, 2025. *State of Okla. v. Alvin*, Case No. CF-1985-698 (Okla. Dist. Ct. May 12 & 25, 2025). On June 2, 2025, Petitioner filed another request to apply for resentencing under the Act, which was denied on June 4, 2025. *State of Okla. v. Alvin*, Case No. CF-1985-698 (Okla. Dist. Ct. June 2 & 4, 2025). Petitioner then filed a Writ of Mandamus with the OCCA on June 16, 2025. [Doc. No. 1, at p. 8], *Alvin v. State of Okla.*, Case No. MA-2025-475 (Okla. Crim. App. June 16, 2025). The OCCA denied the petition, reasoning that "Petitioner has failed to demonstrate

a clear legal right to the relief sought" under the application. [Doc. No. 1, at p. 8], *Alvin v. State of Okla.*, Case No. MA-2025-475 (Okla. Crim. App. July 2, 2025).

Thereafter, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, in which he alleges that he "was entitled to resentencing under the Oklahoma Survivors' Act for second degree murder, and his continued incarceration under the original sentence violated his due process rights." [Doc. No. 1, at p. 5]. Petitioner argues that the Oklahoma district court reached the wrong conclusion as to his victim status under the Act, by denying his application. Indeed, Petitioner contends that the Act, which permits downward sentence modifications where a "person has been abused . . . psychologically by . . . [an] individual who used the person for financial gain," is applicable to this case. *Id.* (quoting Okla. Stat. tit. 22, § 1090.3).

Despite Petitioner failing to specifically request any relief in his Petition, it appears that Petitioner is requesting the Court order the Oklahoma district court to resentence him under the Act.[2] *Id.* at p. 11,

## Magistrate Judge's R&R

In the R&R, the Magistrate Judge determined that Petitioner's claim is not cognizable under 28 U.S.C. § 2254. [Doc. No. 9]. The Magistrate Judge liberally construed the claim as a challenge to the state court's post-conviction procedures, not the constitutionality of his judgment of conviction. *Id.* at 4-6. The Magistrate Judge found

---

[2] A *pro se* litigant's pleadings are to be liberally construed, but "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

3

Petitioner's assertion improper as "[a]ttacks on Oklahoma post-conviction procedure and procedural decisions made by the OCCA cannot form the basis of a habeas petition." *Id.* at p. 6. The Magistrate Judge acknowledged that Petitioner asserts the state district court's decision was contrary to the Fourteenth Amendment Due Process Clause. But, the Magistrate Judge found the "crux of Petitioner's argument is still that [the state district court] did not properly determine that Petitioner was a victim for purposes of state law." *Id.* at p. 5. Therefore, the Magistrate Judge found that the claim was not cognizable under § 2254. *Id.*

## DISCUSSION

In relevant part, Petitioner raises one objection that is specifically directed to the Magistrate Judge's findings. Petitioner asserts that the Magistrate Judge's findings should be rejected because the Magistrate Judge mischaracterized the basis of his Petition. [Doc. No. 10, at p. 2-3], [Doc. No. 11, at p. 5-6]. Petitioner argues that the basis of his claim is that the state court's finding that Petitioner did not qualify to apply for resentencing under the Act "was so arbitrary and capricious as to constitute an independent due process violation." *Id*.

However, the Court finds that Petitioner fails to sufficiently explain any facts that would suggest the Oklahoma district court's conclusion was arbitrary or capricious. Rather, as noted in the R&R, Petitioner merely expresses dissatisfaction with the state district court's holding. Indeed, Petitioner rehashes his assertions that he disagrees with the state district court's ruling in his objection. Accordingly, the Court agrees with the R&R's characterization that the "crux" of Petitioner's argument is that the district court did not

4

grant him the relief he sought. As noted in the R&R, this is not a proper basis for a § 2254 petition, as it is a challenge to the state's post-conviction procedure. *See Graham v. White*, 101 F.4th 1199, 1205 (10th Cir. 2024) ("From time to time . . . prisoners seek habeas relief based on perceived errors in state's corrective processes . . . but habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence.") (citing *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [the petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim")). Thus, the Court fully concurs in the R&R.

## CONCLUSION

The Court reviewed the R&R, as well as the case record, and fully concurs in the R&R. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's objection [Doc. Nos. 10 & 11] should be overruled, and hereby **ADOPTS** the R&R [Doc. No. 9] in its entirety.[3]

**IT IS THEREFORE ORDERED** that the Petition [Doc. No. 1] is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Expedite the Court's ruling on Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 12] is **DENIED AS MOOT**.

---

[3] The Court recognizes Petitioner objected to the Magistrate Judge's finding that dismissal of his Petition was also warranted because he failed to exhaust his state remedies before filing his § 2254 Petition. However, the Court need not address his objection, as the Court finds dismissal is warranted on other grounds, as stated herein.

**IT IS FURTHER ORDERED** that Petitioner's Motion to be Released on Bail Pending the Court's ruling on his Petition for Writ of Habeas Corpus [Doc. No. 14] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion in which he requests an evidentiary hearing, requests the Court order Respondent to file a response to his Petition, and requests he be appointed counsel [Doc. No. 6] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**.

**IT IS SO ORDERED** this 1st day of December, 2025.

*[Signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge